## No. 23115.

### The People of the State of Colorado ex rel Attorney General *v.* Robert T. Burns.
(435 P.2d 897)

Decided January 15, 1968.

*En Banc.*

Mr. Justice Sutton delivered the opinion of the Court.

Robert T. Burns, who was admitted to the practice of law in Colorado on September 10, 1951, was charged with unprofessional conduct as an attorney. Following the complaints, and due to their serious nature, this court, on its own motion, ordered respondent's license temporarily suspended pending further order of the court.

Specifically four charges were lodged against Burns with the Supreme Court's Grievance Committee. They were:

(1) A charge that he had failed to perfect an appeal for a client named Baker in a criminal case and had allowed the time to sue out the writ of error to expire.

(2) A charge that he had converted to his own use $850 paid to him for compromising a claim by one Larry J. Curtis.

(3) A charge that he was hired and paid by Edwina M. Ray to institute a divorce action for her, but that he had failed to file the suit although he advised his client he had done so.

(4) And, a charge that he had endorsed, without authorization, the name of his then client, Edith Ann Silver, on a disputed $500 check for legal services.

Following a hearing on September 23, 1967, the Grievance Committee found the first three complaints to be substantiated and further found the respondent guilty of gross negligence as to the first charge, and guilty of gross professional misconduct as to the second and third charges. It was recommended that the fourth complaint be dismissed. The Committee's Report concluded and recommended that "respondent's license to practice law remain suspended for such period as may be required for him to overcome his drinking problem."

An "Exception To Findings Of The Hearing Committee" was filed by Burns' lawyer as to the accuracy of the record presented in a minor particular, which Exception concluded: "As to the balance of the findings of the Hearings Committee, the respondent does not wish to file exceptions."

We have examined the record presented. It discloses that restitution has been made as to the money converted from Larry J. Curtis and that the Exception filed involves only a very minor factual situation which does not concern the materiality of the charges and the evidence against the respondent. We, therefore, con-

clude that the Committee's Findings are correct insofar as they appertain to respondent's guilt and that his conduct, in the first three complaints, was contrary to the high standards of honesty, justice and morality required of a member of our bar. We further agree with the Committee's recommendation that respondent's license to practice law should continue to be suspended, however, we do not agree that it should be suspended only "for such period as may be required for him to overcome his drinking problem." We conclude that the conduct charged and proved warrants, at the very least, an indefinite suspension. The reason is that respondent's behavior was not only unprofessional, but in part criminal. He has brought both himself and the bar into disrepute.

We now find, and it is therefore the Order of this Court that respondent has been guilty of unprofessional conduct for the three charges sustained against him and we hereby indefinitely suspend him from the practice of law in Colorado. He is ordered to pay to the Clerk of this Court the sum of $280.60 for costs incurred in this matter within 30 days hereafter.

It is so ordered.